a

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | |
|---|---|
| ETHAN NEAL HENDRICKS #30607-510, <br> Petitioner | CIVIL DOCKET NO. 1:25-CV-01275 <br> SEC P |
| VERSUS | JUDGE DRELL |
| WARDEN F C I POLLOCK, <br> Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

---

### MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Ethan Neal Hendricks ("Hendricks").  Hendricks is imprisoned at the Federal Correctional Institution in Pollock, Louisiana.  He challenges the computation of his sentence by the Bureau of Prisons ("BOP").

To determine whether Hendricks satisfies the exhaustion requirement, he must AMEND the Petition.

### I.    Background

Hendricks alleges that the BOP has denied him earned time credits under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (enacted December 21, 2018).  ECF No. 1 at 2.  He seeks application of the credits and a speedier release from custody.

1

## II. Law and Analysis

A petitioner seeking relief under § 2241 "must first exhaust his administrative remedies through the Bureau of Prisons." *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (citing *United States v. Gabor*, 905 F.2d 76, 78 n. 2 (5th Cir. 1990)); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) (holding that exhaustion of administrative remedies is a prerequisite to § 2241 relief). The BOP has a four-step process for resolving prisoners' complaints. *See* 28 C.F.R. § 542.10. Initially, a prisoner must attempt to informally resolve the complaint with staff using a form BP-8. *Id.* at § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a Request for Administrative Remedy (BP-9) to the warden. *Id.* at § 542.14. If the prisoner is unsatisfied with the warden's response, he may appeal to the Regional Director (BP-10). *Id.* at § 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel (BP-11). *Id.* Appeal to the Office of General Counsel is the final administrative appeal in the BOP remedy process. *See id.* Only after exhausting these available administrative remedies may an inmate seek relief through a § 2241 petition. *See Gabor*, 905 F.2d at 78 n. 2.

"Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Williams v. Willis*, 765 F. App'x 83, 83-84 (5th Cir. 2019) (citations omitted); *see also Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir.

2010).  The petitioner has the burden of demonstrating that an exception to the exhaustion requirement applies.  *See id.*

Hendricks does not indicate whether he exhausted administrative remedies. Nor does he present allegations of extraordinary circumstances that would excuse him from the exhaustion requirement.  *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994).  He must amend accordingly.

## III. Conclusion

Because Hendricks must show that he completely exhausted administrative remedies or is excepted from the requirement, IT IS ORDERED that he AMEND the Petition within 30 days of this Order.

SIGNED on Wednesday, November 5, 2025.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE